UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL D. HAWK,

          Plaintiff,

        v.                          Case No. 22-C-246

DONALD R. ZUIDMULDER and
BROWN COUNTY COURT,

          Defendants.

## SCREENING ORDER

On February 28, 2022, Plaintiff brought this action against Defendants Judge Donald Zuidmulder and Brown County Court. Along with his complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee. It appears from Plaintiff's motion that he is, in fact, indigent, and thus would be entitled to proceed without prepayment of the filing fee. However, the complaint will be dismissed because it fails to state a claim upon which relief can be granted.

The Court is authorized to screen the complaint, regardless of a plaintiff's fee status, to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8.

Plaintiff alleges that he is a qualified person covered under the Americans with Disabilities Act (ADA). He asserts that on December 22, 2021, Judge Zuidmulder ordered dismissal and sanctioned Plaintiff. Plaintiff claims that Judge Zuidmulder knew that Plaintiff "is a qualified

person covered" by the ADA and that Judge Zuidmulder retaliated against him under Title II of the ADA by sanctioning him.

Ordinarily, a judge is absolutely immune from suit. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (judicial immunity "confers complete immunity from suit"). But because Plaintiff asserts his claim against Judge Zuidmulder in his official capacity, the doctrine of absolute judicial immunity does not apply. *See Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006); *DeVito v. Chi. Park Dist.*, 83 F.3d 878, 881 (7th Cir. 1996). To state a retaliation claim under the ADA, a plaintiff must allege that (1) he engaged in statutorily protected activity; (2) he was subjected by the defendant to an adverse action; and (3) there is a causal connection between the two. *See Povey v. City of Jeffersonville, Indiana*, 697 F.3d 619, 624 (7th Cir. 2012).

Although Plaintiff conclusorily asserts that he is a covered person under the ADA, Plaintiff does not explain what disability he has or in what way he engaged in statutorily protected activity. Nor does he allege what Judge Zuidmulder did that constitutes either ADA discrimination or retaliation. The complaint does not allege a causal connection between any protected conduct and Judge Zuidmulder's order for sanctions. Generally, an adverse ruling against a party does not amount to an ADA violation. If Plaintiff believes that the court erred, his remedy is to appeal the adverse ruling, not sue the judge. Accordingly, Plaintiff fails to state a claim upon which relief can be granted.

For these reasons, the Court will dismiss the original complaint but will allow Plaintiff an opportunity to cure the deficiencies noted herein, if he is able to do so. If Plaintiff wishes to proceed, he must file an amended complaint by **March 31, 2022**. Failure to do so will result in the dismissal of this action. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint

2

supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED**. Plaintiff must file an amended complaint on or before **March 31, 2022**. If Plaintiff fails to do so within that time, the action will be dismissed. Plaintiff should consult the Court's guide for pro se litigants in preparing his amended complaint. *See Answers to Pro Se Litigants' Common Questions*, EASTERN DISTRICT OF WISCONSIN, *available at* https://www.wied.uscourts.gov/guides-pro-se-litigants (last visited Feb. 23, 2022).

Dated at Green Bay, Wisconsin this 1st day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge