UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL D. HAWK,

        Plaintiff,

        v.                        Case No. 22-C-246

DONALD R. ZUIDMULDER,
in his official capacity, and
BROWN COUNTY COURT,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Daniel Hawk brought this action against Defendants Judge Donald Zuidmulder and Brown County Court. On March 1, 2022, the Court screened the complaint and dismissed it for failure to state a claim but allowed Plaintiff the opportunity to file an amended complaint curing the defects noted. Plaintiff filed an amended complaint on March 31, 2022, and the Court will now screen the amended complaint. The standards for screening a complaint were set forth in the Court's earlier screening order and will not be repeated here.

Plaintiff alleges in his amended complaint that Judge Zuidmulder retaliated against him under Title II of the Americans with Disabilities Act (ADA) by ordering Plaintiff to pay monetary sanctions. *See Hawk v. Hunter*, Case No. 21CV978 (Brown Cty., Wis.). He asserts that Judge Zuidmulder only needed to dismiss his lawsuit; he did not need to also order monetary sanctions against him. Plaintiff requests that this Court "quash the sanctions" and allow him to appeal to the Wisconsin Appellate Court. Am. Compl. at 8.

The amended complaint suffers from the same problems as the original. As the Court explained in its earlier screening order, because Plaintiff asserts his claim against Judge Zuidmulder in his official capacity, the doctrine of absolute judicial immunity does not apply in this case. *See Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006); *DeVito v. Chi. Park Dist.*, 83 F.3d 878, 881 (7th Cir. 1996). To state a retaliation claim under the ADA, a plaintiff must allege that (1) he engaged in statutorily protected activity; (2) he was subjected by the defendant to an adverse action; and (3) there is a causal connection between the two. *See Povey v. City of Jeffersonville, Indiana*, 697 F.3d 619, 624 (7th Cir. 2012). Judge Zuidmulder's order for sanctions does not constitute an adverse action under the ADA. If Plaintiff believes that the court erred in ordering sanctions, his remedy is to appeal the adverse ruling, not sue the judge. Accordingly, Plaintiff's amended complaint must be dismissed for failure to state a claim upon which relief can be granted. Having twice found that Plaintiff fails to state a claim for relief, the Court will dismiss the action.

For these reasons, this action is **DISMISSED** based on Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
